## HARDAGE VS. COFFMAN.

It is not necessary for a soldier, justifying, in an action of tresspass, under the commands of his superior officer, to produce the commission of the officer, or account for its absence; it is sufficient to prove that the officer was in command, assumed to act, and was recognized as such.

Where testimony is offered, apparently irrelevant to the issue, it may be excluded, unless some proper explanation, or an offer to accompany it with other evidence which would make it applicable to the issue, be made; but no explanation of testimony is required, where its object is apparent from the pleadings.

*Appeal from Hot Spring Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

FLANAGIN, for the appellant.

It is hardly necessary to cite authorities to show that the parol testimony offered to show that Logan was colonel, was improperly excluded. 1 *Greenleaf's Evidence*, 83; and authorities there cited are full and conclusive. See, also, 1 *Green. Ev.*, 513.

GARLAND, WHITE & NASH, for the appellee.

To establish the fact that Col. Logan was a legally constituted officer, his commission was the best evidence and ought to have been produced. 1 *Green. on Ev.*, 82. If that could not be produced, after due diligence, then secondary evidence was admissible. 1 *Watts.*, 353 ; 9 *Wheat.*, 558; 5 *Wheat. Con. Rep.*, 260, *note.* No effort was made to produce the officer or his commission, and therefore there was no foundation for secondary evidence. 18 *Ark.*, 469 ; 7 *Peters*, 99.

Mr. Chief Justice WALKER delivered the opinion of the court.

This is an action ʼof trover, brought by Coffman against Hardage. The defendant plead the general issue, and also filed two special pleas. The first of which was, in substance, that he was a soldier in the service of the Confederate States army, in the late war between the United States and the Confederate States, and that, whilst in such service, he took the mare by the direction and command of the officers of said army, under whom he was serving. The second special plea set up the same facts with the additional averment that he took the property under duress and compulsion of his officers. Issues were taken upon these pleas, and the case submitted to a jury, who found a verdict for the plaintiff. The defendant moved for a new trial for several causes, none of which, however, it will become necessary to notice, except that which relates to the exclusion of the defendant's evidence. The motion for a new trial was overruled, exceptions taken, and the case brought before us by appeal.

In order to sustain his defence under the special pleas, it became necessary for the defendant to prove that he was a soldier acting under the orders of his superior officer. This, he proposed to do, and called a witness by whom he offered to prove that " Col. Logan was a cavalry officer in the Confederate States army in the year 1863, and so continued from that time until the surrender." To the introduction of which evidence the plaintiff objected, and the court sustained the objection upon the ground, " that the

18

officer's position could only be proven by the commission." The defendant then offered to prove by said witnesses, that, just previous to the alleged taking, Col. Logan, whilst in command, gave orders that defendant and others should seize a sufficient number of horses on which to mount themselves in the Confederate States service. To the introduction of which evidence the plaintiff objected as incompetent, and the court sustained the objection.

The correctness of the decision of the court in excluding this evidence is the only material question to be considered.

The appellant's counsel admits that, as a general rule, the best evidence of which the case, in its nature, is susceptible, should be produced, but contends that there are exceptions to the rule, under which it was not necessary for the defendant to produce the commission of Col. Logan, under whose command he acted ; nor to account for its absence, to entitle him to introduce secondary evidence. On the other hand, the counsel for the appellee contends that some explanation showing the applicability of this evidence should have accompanied the offer to introduce it, or that some foundation should have been laid for its introduction by other evidence to which the answer to the question asked would relate. In the absence of which, as a distinct proposition unexplained, the court might reject it, even if, in other respects, unexceptionable. It is true that some explanation of the purpose for which the evidence was intended might have been given. And if such object was not, at that stage of the investigation, apparent, the court should have placed its objection to the admissibility of the evidence upon that ground, unless proper explanation had been made, or an offer to accompany it with other evidence, which, when taken together would have been applicable to the issue. But instead of this, the distinct ground upon which the court excluded the evidence was, that the commission of Col. Logan was the only competent evidence that he was a cavalry officer in the Confederate States army. But in the absence of all this, the necessity and applicability of the evidence was quite

apparent from the state of the pleading. The defendant had justified the taking of the property as a soldier in the Confederate States service under the order and direction of his officer; indeed, in one of the pleas, under duress and compulsion of his commanding officer. With this issue before the court, it could not have mistaken the object of the defendant's counsel in putting the question to the witness, and as we have seen, the evidence was excluded upon other distinct grounds, which evidently were that the commission of the officer was the best and the only competent evidence to prove him such.

We have examined the authorities cited by the appellee's counsel, and find that, whilst they sustain the general rule, which requires the best evidence to be introduced, they do not question the correctness of the exception to the rule, under which, in our opinion, it was not necessary for the defendant either to produce the commission of Col. Logan, or to excuse himself for not having done so.

The exception to the rule, stated by Mr. GREENLEAF is, that proof that an individual has acted notoriously as a public officer, is *prima facie* evidence of his official character, without producing his commission or appointment. *Vol.* 1, *p.*153. And at page 168, the same writer says, "It is not, in general, necessary to prove the written appointment of public officers. All who are proven to have acted as such, are presumed to have been duly appointed to the office until the contrary appears, and it is not material how the question arises, whether in a civil or a criminal case, nor whether the officer is or is not a party to the suit."

In *Phillips on Evidence*, it is said: "It is not necessary, in general, to prove the written appointment of public officers. * * * A strong presumption arises from the exercise of a public office, that the appointment to it is valid. *Vol.* 1, *p.* 592. So, it has been held that proof that a revenue officer claimed to be such, and exercised and performed the duties of such office, is good evidence of the fact in any legal proceeding." *Id.* 592.

This exception to the general rule is founded in necessity and

convenience, and applies as well to military as to civil officers. Indeed it would, in the nature of things, appear to apply with more force to military than to civil officers. Soldiers, in many cases, are placed under the command of officers of whom they know nothing ; they are continually being changed from one command to another, and should they be required to produce the commission of their commanding officers, or even to prove that they had ever been commissioned, they could rarely indeed sustain a plea of justification for any act done in obedience to orders. The defendant most clearly had a right to prove that Col. Logan was in command of a military force, that he assumed to command as colonel and was recognized as such. And because the court refused to permit him to do so, only by the production of the commission, the judgment must be reversed and the cause remanded.

GARLAND, WHITE & NASH, for plaintiff in error.